Citation Nr: 1456905 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 09-45 672 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a left shoulder disability.

2. Entitlement to service connection for residuals of a head injury.

3. Whether new and material evidence has been received to reopen a previously denied claim for an adjustment disorder, claimed as anxiety/panic attacks. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. Willis, Associate Counsel 


INTRODUCTION

The Veteran had active service from May 1980 to November 1980.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office in Waco, Texas.

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran requested a Travel Board hearing on his VA Form 9. In September 2014, a letter was sent to the Veteran informing him of his scheduled October 2014 hearing. The Veteran did not appear for the October 2014 Travel Board hearing. In February 2013, the Veteran updated his mailing address. However, the September 2014 hearing notification letter was not mailed to the updated address. The Board therefore finds that a remand is required as the Veteran was not provided the requisite notice of the Travel Board hearing. The Board notes that the RO mailed correspondences to a post office mailbox after the Veteran updated his mailing address. Therefore, on remand, efforts must be made to verify the Veteran's current mailing address. 

Accordingly, the case is REMANDED for the following action:

1. Take the necessary steps to verify the Veteran's current mailing address. Efforts to confirm his current address should be documented in the electronic claims file. 
2. Schedule the Veteran for a Board hearing of his choice (Travel Board or videoconference); ensure that he is notified at the correct address. A copy of the letter scheduling the Veteran for that hearing should be included in the electronic claims file.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Bethany L. Buck
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).